# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Honorable Marianne O. Battani |
| This Document Relates to: | |
| In Re: Automotive Wire Harness Case | 2:17-cv-12054 |
| In Re: Instrument Panel Clusters Case | 2:17-cv-12030 |
| In Re: Bearings Case | 2:17-cv-12006 |
| In Re: Fuel Senders Case | 2:17-cv-12018 |
| In Re: Heater Control Panel Case | 2:17-cv-12024 |
| In Re: Alternators Case | 2:17-cv-11995 |
| In Re: Anti-Vibrational Rubber Parts Case | 2:17-cv-11997 |
| In Re: Windshield Wiper Systems Case | 2:17-cv-12049 |
| In Re: Radiators Case | 2:17-cv-12037 |
| In Re: Starters Case | 2:17-cv-12041 |
| In Re: Ignition Coils Case | 2:17-cv-12029 |
| In Re: Motor Generators Case | 2:17-cv-12034 |
| In Re: Ballasts Case | 2:17-cv-12028 |
| In Re: Inverters Case | 2:17-cv-12032 |
| In Re: Electronic Powered Steering Assemblies Case | 2:17-cv-12011 |
| In Re: Fan Motors Case | 2:17-cv-12012 |
| In Re: Fuel Injection Systems Case | 2:17-cv-12013 |
| In Re: Power Window Motors Case | 2:17-cv-12035 |
| In Re: Automatic Transmission Fluid Warmers Case | 2:17-cv-11999 |
| In Re: Valve Timing Control Devices Case | 2:17-cv-12044 |
| In Re: Air Conditioning Systems Case | 2:17-cv-11992 |
| In Re: Windshield Washer Systems Case | 2:17-cv-12048 |
| In Re: Spark Plugs, Standard Oxygen Sensors, Air Fuel Ratio Sensors Case | 2:17-cv-12039 |
| In Re: Automotive Hoses Case | 2:17-cv-12001 |
| In Re: Ceramic Substrates Case | 2:17-cv-12007 |
| In Re: Power Window Switches Case | 2:17-cv-11979 |

## JOINT NOTICE REGARDING STAY OF ACTIONS

Plaintiffs are certain Auto Dealers who: are participating in certain Auto Dealer Class Action Settlements approved by the Court in the matter *In re: Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311 (the "First Wave Settlements"), have opted out of certain subsequent Auto Dealer Class Action Settlements, and have filed the above-captioned actions against certain Defendants (the "Actions"). On September 13, 2017, the Court held a Status Conference at which the Court requested that Plaintiffs consider a proposal by counsel for certain Defendants to temporarily stay the Actions until after Plaintiffs have received their distributions in connection with the First Wave Settlements. The Plaintiffs submitted a report on September 20, 2017, confirming their agreement to the proposed stay. On November 27, 2017, the Court entered the Order to Stay Actions in each of the Actions. On September 12, 2018, Plaintiffs notified the Court of their intent to pursue the Actions.

Under the Court's Order to Stay Actions, "Plaintiffs and Stipulating Defendants shall then meet and confer and report back to the Court within 30 days following that notice on the status of the Actions and proposed next steps for deadlines to effect service and submission of proposed scheduling orders for any Actions Plaintiffs intend to continue to pursue." Order ¶2. Following the Parties' discussions, they have agreed that by October 22 each of the Defendants will inform Plaintiffs whether or not they agree to waive formal service. For those Defendants who do not agree to waive formal service, Plaintiffs will thereafter complete service as follows:

- For any domestic Defendant who does not agree to waive formal service, Plaintiffs will complete service by December 21, 2018.

2

- For any non-domestic Defendant who does not agree to waive formal service, Plaintiffs will either (a) immediately begin the process of formal service under the Hague Convention or (b) file a motion for alternative service under Federal Rule of Civil Procedure 4(f)(3) no later than November 5, 2018 (which some Defendants have indicated they would oppose).  In the event Plaintiffs do file such a motion, they would then complete service in accordance with the Court's ruling.

The Parties agree that Plaintiffs will inform Defendants when they have completed service on all of the Defendants in all of the above-captioned actions and that Defendants shall have 60 days from that date to respond to Plaintiffs' various Complaints.  Plaintiffs and Defendants suggest that the Parties shall thereafter be required to meet and confer to submit a proposed scheduling order for each Action.  However, the Parties anticipate that there may be some discussion of a proposed scheduling order (and/or related submission) for one or more of the Actions in the meantime.

DATED:  October 12, 2018

Respectfully submitted,

/s/ Andrew G. Pate
Michael B. Angelovich
Texas Bar No. 00785666
Jeffrey J. Angelovich
Texas Bar No. 00786988
Andrew G. Pate
Texas Bar No. 24079111
Winn Cutler
Texas Bar No. 24084364
**NIX, PATTERSON & ROACH, LLP**
3600 N. Capital of Texas Hwy.
Bldg. B, Suite 350
Austin, TX  78746
Telephone: (512) 328-5333
Facsimile: (512) 328-5335
Email:  mangelovich@nixlaw.com

jangelovich@nixlaw.com
dpate@nixlaw.com
winncutler@nixlaw.com

Keith Butler
California Bar No. 215670
**STRANGE & BUTLER LLP**
12100 Wilshire Blvd.
Suite 1900
Los Angeles, CA 90025
Telephone: (310) 207-5055
Facsimile: (310) 826-3210
Email: kbutler@strangeandbutler.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2018, a true and correct copy of the above and foregoing document was filed through the Court's CM/ECF filing system.

/s/Andrew Pate
Andrew Pate

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Plaintiffs met and conferred telephonically with counsel for Defendants, and this Joint Notice represents a consensus among the Parties.

/s/Andrew Pate
Andrew Pate

4